T.C. Memo. 1999-318


UNITED STATES TAX COURT


FLOYD DANIEL, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17187-98.          Filed September 24, 1999.


Floyd Daniel, Jr., pro se.

<u>Nancy L. Spitz</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax in the amount of $55 for the taxable year 1997.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

The sole issue for determination is whether petitioner is entitled to the earned income credit for the tax year 1997.

This case was submitted fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Immokalee, Florida, when the petition in this case was filed.

During 1997, petitioner was incarcerated at a penal institution. Petitioner listed his occupation as beggar on his 1997 Federal income tax return. In 1997, petitioner received money from family and friends in the amount of $712. The family and friends who provided the money to petitioner had no expectation of repayment. In 1997, petitioner did not earn any income working for the prison.

Petitioner reported income from begging in the amount of $712 on his 1997 Federal income tax return and claimed an earned income credit in the amount of $55.

Petitioner is not entitled to the earned income credit he claimed on his 1997 tax return. An eligible individual is allowed an earned income credit for the taxable year in an amount equal to the credit percentage of so much of the taxpayer's earned income as does not exceed the earned income amount. See sec. 32(a). Earned income includes wages, salaries, tips, and other employee compensation. See sec. 32(c)(2)(A)(i).

The money petitioner received from begging does not meet the definition of earned income provided by section 32. Rather, the money petitioner received from his family and friends was

received as a gift.  A gift is a transfer that proceeds from a "'detached and disinterested generosity,' * * * out of affection, respect, admiration, charity or like impulses."  Commissioner v. Duberstein, 363 U.S. 278, 285 (1960) (quoting Commissioner v. LoBue, 351 U.S. 243, 246 (1956)).  In this case, petitioner's friends and family did not have an expectation of repayment or economic benefit.  Instead, petitioner's family and friends transferred money to petitioner with a detached and disinterested generosity and out of charity.

With respect to the earned income credit, petitioner had no earned income, and, therefore, is not entitled to the earned income credit.

Decision will be entered

for respondent.